IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

        v.

10-CR-6151(CJS)

KELLY GRICE,

        Defendant.

## PLEA AGREEMENT



    The defendant, KELLY GRICE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

    1.   The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 1029(a)(2) [knowing use of an unauthorized access device], for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.  The defendant understands that the

penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that the Court must require restitution in an amount to be determined to be paid to the victims as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

3.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to *2 years*, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

4.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

-2-

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a)    the defendant knowingly trafficked in or used one or more unauthorized access device during any one-year period;

    b)    the defendant acted knowingly and with the intent to defraud; and

    c)    by such conduct, the defendant obtained anything of value aggregating $1,000 or more during that period.

**FACTUAL BASIS**

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    Beginning in or about September, 2009, and continuing until in or about February, 2010, the defendant participated in a scheme with Ronicca Ellis, Shernell Ellis, Shakeya Ellis, Tamika Lloyd, Ronnie Irvin, Brenda Jacque, Marynell Ellis and Shakeria Wilson, along with others unnamed, in which valid credit card numbers were fraudulently obtained and subsequent fraudulent purchases were made using those credit card numbers. Some or all of the co-defendants used an "800" number for Citgo, Marathon Oil, and Big Lots to call an automated service that allowed them to

impersonate a merchant.  The automated service revealed if a credit card number is valid. The credit card numbers were then recorded on a list.  The codefendants would then use a broken credit card containing codefendant's name, with the last four digits missing, and go to stores and merchants that had the capability to manually input credit card numbers, and make purchases with the fraudulently obtained card numbers.  Numerous purchases were made using the fraudulently acquired credit cards.

b.   In October and November 2009, the defendant, assisted co-defendants by driving them to various stores to make purchases using the fraudulently obtained numbers.  The purchases made with the credit card numbers were in excess of $1,000 during a one year period.

c.   The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III.   SENTENCING GUIDELINES

6.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.   The government and the defendant agree that Guidelines § 2B1.1(a) applies to the offense of conviction and provides for a base offense level of 6.

-4-

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.   The government and the defendant agree that the following specific offense characteristics do apply:

   a.   the 6 level increase pursuant to Guidelines § 2B1.1(b)(1)(D)  (loss in excess of $30,000).

   b.   the 4 level increase pursuant to Guidelines § 2B1.1(b)(2)(B)  (victims in excess of 50).

   c.   the 2 level increase pursuant to § 2B1.1(b)(10) (use of an authentication feature).

## ADJUSTED OFFENSE LEVEL

9.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 18.

## ACCEPTANCE OF RESPONSIBILITY

10.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

- 5 -

## CRIMINAL HISTORY CATEGORY

11.   It  is  the  understanding  of  the  government  and  the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the  plea  of  guilty  based  on  the  Court's  determination  of  the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.   It  is  the  understanding  of  the  government  and  the defendant that, with a total offense level of 15 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 30 to 37 months, a fine of $4,000 to $40,000, and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

13.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither

- 6 -

party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

15.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of

limitations as a defense to any other criminal offense involving or related to knowing use of an unauthorized access device, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

16.  The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17.  At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 10-MJ-4025.

18.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

19.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **12**, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution

order which does not exceed the amount set forth in Section I of this agreement.

20. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   COOPERATION

22. The defendant will cooperate with the government by providing complete and truthful information regarding the

defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to knowing use of an unauthorized access device.    The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

23.   The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.   The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

24.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to knowing use of an unauthorized access device, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

- 11 -

25.   Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

26.   Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1.  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court. The defendant understands that the government retains the discretion to make a motion under Title 18, United States Code, Section 3553(e) for the imposition of a sentence below a mandatory minimum term of imprisonment with respect to only one of the counts of conviction.

27.   This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the

- 12 -

defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

28. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

29. In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the

defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

30.   In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.   In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

31.   If the "Cooperation" section of this agreement is declared breached by the Court:

    a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

    c.    the defendant has no right to withdraw the plea of guilty;

d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to knowing use of an unauthorized access device, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

32.    At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

33.   The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.


## VIII.   <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

34.   This plea agreement represents the total agreement between the defendant, KELLY GRICE, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York


BY: _____
     JOHN J. FIELD
     Assistant U.S. Attorney
FOR: TIFFANY H. LEE
     Assistant U.S. Attorney
     100 State Street
     Rochester, New York  14614
     (585)263-6760, ext. 2251
     Tiffany.Lee@usdoj.gov

Dated: November 15, 2010

- 16 -

I have read this agreement, which consists of 17 pages.   I have had a full opportunity to discuss this agreement with my attorney, Robert W. Wood, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

KELLY GRICE
Defendant

Dated: November 15, 2010

ROBERT W. WOOD, ESQ.
Attorney for the Defendant

Dated: November 15, 2010